UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――

TARNELL LEON JONES,

                Plaintiff,

        v.

ALL COPS SINCE 1992-1996, *et al.*,

                Defendants.

**MEMORANDUM & ORDER**
23-CV-07409 (HG) (LB)

**HECTOR GONZALEZ**, United States District Judge:

      This case represents one of several instances in which Plaintiff Tarnell Leon Jones, a prisoner incarcerated in a Colorado state prison, has commenced civil lawsuits in this District and the Southern District of New York against police officers and other government actors. As with Plaintiff's other lawsuits, he alleges that he is the deceased rap artist Tupac Shakur, and he asks the Court to restore his identity and his wealth and to award damages against various people who allegedly committed acts of violence against Mr. Shakur in the 1990s and earlier. ECF No. 1. Plaintiff also alleges that the staff at the facility where he is incarcerated forced him to take unspecified medications—supposedly because Plaintiff told prison staff that he is Tupac Shakur—but it is unclear if Plaintiff's complaint seeks damages or any other relief related to that alleged forced medication. *Id.* at 4. Plaintiff attached to his complaint an application for permission to proceed *in forma pauperis* without paying the District's filing fee. *Id.* at 17–18.

      The statute that authorizes plaintiffs to receive *in forma pauperis* status also contains a prohibition, commonly known as the "three strikes rule," that provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

>frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Dismissing the complaint is the proper remedy when a plaintiff seeks *in forma pauperis* status but is ineligible to receive such status under 28 U.S.C. § 1915(g).  *See Griffin v. Carnes*, 72 F.4th 16, 21 (2d Cir. 2023) ("The district court correctly concluded that [the plaintiff] was barred by the [Prison Litigation Reform Act's] three strikes provision from proceeding [*in forma pauperis*], and, therefore, properly dismissed his complaint.").[1]  A district court need not hold an incarcerated plaintiff's lawsuit "in abeyance until he is able to pay the filing fees," so long as the dismissal is "without prejudice to [the plaintiff's] right to file new actions with payment of the filing fees." *Akassy v. Hardy*, 887 F.3d 91, 98 (2d Cir. 2018) (holding that "the district court plainly ha[d] the authority to dismiss an action filed in contravention" of 28 U.S.C. § 1915(g) and did not "abuse [its] discretion" by dismissing plaintiff's case without prejudice).

Plaintiff falls within this prohibition because at least three cases that he has previously filed were dismissed as frivolous.  *See Jones v. NYPD*, No. 22-cv-4995, 2022 WL 6807461, at *3 (S.D.N.Y. Oct. 11, 2022) (dismissing complaint "as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)"); *Jones v. All States*, No. 22-cv-3528, 2022 WL 4586311, at *4 (E.D.N.Y. Sept. 29, 2022) (dismissing complaint as "frivolous" under 28 U.S.C. § 1915A(b)); *Jones v. NYC-State & DOC*, No. 22-cv-4675, 2022 WL 4485285, at *2 (S.D.N.Y. Sept. 26, 2022) (dismissing complaint "as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)").  In fact, this Court has already dismissed another case that Plaintiff filed, after each of these three failed cases, pursuant

---

[1] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

to 28 U.S.C. § 1915(g).  *See Jones v. All Cops Since 1992 to 96*, No. 22-cv-6493 (E.D.N.Y. Oct. 28, 2022) (ECF No. 5) ("Plaintiff's application to proceed *in forma pauperis* is denied and this case is dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g)."). Although Plaintiff's complaint contains a brief reference to having received unwanted medication, it contains no allegations of imminent danger of serious physical injury that would override the prohibition in 28 U.S.C. § 1915(g). *See* ECF No. 1 at 4.[2]

## **CONCLUSION**

For the reasons set forth above, Plaintiff's application to proceed *in forma pauperis* is denied, and this case is dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). The Clerk of Court is respectfully directed to enter judgment and to close this case. If Plaintiff wishes to reassert his claims, he must file a new action and pay the $402.00 filing fee to the Clerk of Court of the U.S. District Court for the Eastern District of New York. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ *Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
October 19, 2023

---

[2] If Plaintiff attempts to file a claim based on allegations that prison officials have forced him to take unwanted medication, or based on any other allegations related to the medical care that Plaintiff has received while incarcerated in Colorado, even if Plaintiff were to pay the filing fee necessary to commence such a case, any such case filed in this District would almost certainly be dismissed for lack of venue. Generally, a case must be filed in a judicial district where at least one defendant resides or in a judicial district where the facts giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b).

3